<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 16, 2020

Eldridge Hawkins, Esq.
Eldridge Hawkins, LLC
60 Evergreen Place Suite 510
East Orange, NJ 07018
*Counsel for Plaintiff*

John F. Regina, Esq.
Office of the Attorney General of New Jersey
124 Halsey St.
P.O. Box 45029
Newark, NJ 07101
*Counsel for Defendant Essex County Prosecutor's Office*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:   Louis D. Dessources v. Dennis Manning et al.**
       **Civil Action No. 18-9324 (SDW) (ESK)**

Counsel:

Before this Court is Defendant Essex County Prosecutor's Office's ("ECPO" or "Defendant") Motion to Dismiss Plaintiff Louis D. Dessources' ("Dessources" or "Plaintiff") Third Amended Complaint ("TAC") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (6). (D.E. 116.) Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, ECPO's Motion to Dismiss is **GRANTED**.

### I.   BACKGROUND & PROCEDURAL HISTORY[1]

On May 15, 2017, Defendants Shahid Webb ("Webb") and Dennis Manning ("Manning") verbally and physically assaulted Plaintiff outside of Defendant Odabro Lounge 9 Bar ("Odabro") in Orange, New Jersey. (D.E. 91 ¶¶ 6-11.) During this altercation, Manning pointed a gun at

---

[1] For the limited purposes of this Opinion, this Court treats the facts in the TAC as true. This Court only recounts facts needed to resolve ECPO's motion, which seeks to dismiss Plaintiff's claims against ECPO, only. Paragraph citations to the TAC refer to those in the "Statement of Facts," starting on page 7 of the TAC.

Plaintiff and Webb attempted to seize Plaintiff's own, holstered gun, for which he was lawfully permitted to carry. (*Id*. ¶¶ 1, 12, 14-15.) This came after prior encounters in which Webb and Manning accosted Plaintiff at or around Odabro. (*Id*. ¶¶ 2-5.) When police officers from Orange, New Jersey, arrived, they took Plaintiff's gun and only listened to Webb and Manning's version of the events, which contained misrepresentations. (*Id*. ¶¶ 18-22.) ECPO subsequently pursued charges against Plaintiff based on these events, which a grand jury ultimately "no billed," terminating the charges. (*Id*. ¶¶ 29-30, 32.)

Despite Plaintiff's requests, ECPO declined to file charges against Webb and Manning and refused to give Plaintiff their identities. (*Id*. ¶¶ 25-27, 31.) ECPO also successfully moved to take away Plaintiff's permit to carry a weapon, based on the May 15, 2017, events. (*Id*. ¶¶ 30, 32-33.)

Plaintiff originally brought this action on May 17, 2018. (D.E. 1.) After a couple amendments (which were stricken, *see* D.E. 65, 72, 83), Plaintiff was granted leave to file the operative TAC, which he did on January 10, 2020. (D.E. 87, 91.)[2] ECPO filed the instant motion to dismiss on July 21, 2020. (D.E. 116.) Plaintiff opposed on August 24, 2020, and ECPO timely replied. (D.E. 120, 123.)[3]

## II.   STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual attack to a court's subject matter jurisdiction. "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fail to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17–1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted). When reviewing facial attacks, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (*citing In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In contrast, with a factual attack, "a court may weigh and 'consider evidence outside the pleadings.'" *Id*. (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief").

---

[2] The TAC brings the following counts against ECPO: Count 1, various violations of the New Jersey Constitution and United States Constitution; Count 4, violations of his right to equal protection in public accommodations under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:1-2; 10:5-4; 10:5-12(f); Count 5, violations of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 *et seq.* ("NJCRA"); Count 8, malicious prosecution; and Count 9, intentional infliction of emotional distress. (*See* D.E. 91 at 16-30.)

[3] Plaintiff requested an extension to his August 3 opposition deadline on August 11, which this Court granted. (D.E. 119.) Plaintiff is advised that this Court will not accept further late submissions without timely requests for extension.

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III.   DISCUSSION

Plaintiff brings its claims against ECPO under 42 U.S.C. § 1983 ("§ 1983") and the NJCRA. ECPO moves to dismiss all claims against it, arguing it is (1) entitled to immunity under the Eleventh Amendment, and (2) is not a "person" as required under § 1983 and the NJCRA.

**A. Eleventh Amendment Immunity**

Sovereign immunity under the Eleventh Amendment "'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over states that have not consented to suit." *Richardson v. New Jersey*, Civ. No. 16-135, 2019 WL 6130870, at *3 (D.N.J. Nov. 18, 2019) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir. 1996)); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). This immunity extends to state agencies when the "state is the real party in interest." *Beightler v. Office of Essex Cty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) (citations omitted). To determine this, the court considers: "(1) the source of the agency's funding—i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation" (known as the *Fitchik* factors). *Id*.

The Third Circuit and courts in this district have consistently concluded that the *Fitchik* factors favor finding that New Jersey county prosecutor's offices, when engaging "in classic law enforcement and investigative functions . . . act as officers of the state." *Id*. (internal quotation marks omitted); *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (further noting that Eleventh Amendment protections do not apply when "prosecutorial defendants" perform "administrative tasks unrelated to their strictly prosecutorial functions").[4] Plaintiff alleges that, in connection with the events on May 15, 2017, ECPO charged him, proceeded to prosecute him, and took him to a grand jury, while it declined to prosecute Webb and Manning, or give Plaintiff information on them. (*See* D.E. 91 ¶¶ 24-32.) Additionally, Plaintiff states that ECPO, in

---

[4] Specifically, courts in this district have found, applying the *Fitchik* factors, that when a New Jersey county prosecutor's office conducts investigatory or enforcement functions: (1) the state will indemnify it; (2) it acts as an agent of the state in enforcing state laws; and (3) the state attorney general may "take over any [county prosecutor's] investigation or prosecution." *Pitman v. Ottehberg*, Civ. No. 10-2538, 2015 WL 179392, at *6-7 (D.N.J. Jan. 14, 2015); *Frost v. Cty. of Monmouth*, Civ. No. 17-4395, 2018 WL 1469055, at *6 (D.N.J. Mar. 26, 2018).

connection with these events, took away Plaintiff's weapons and his permit to carry them. (*See id.* ¶¶ 24, 30, 32-33.) These actions are within ECPO's law enforcement, investigative, and prosecutorial functions. *See, e.g.*, *Woodyard*, 514 F. App'x at 182 (finding arresting and presenting evidence to a grand jury are "clearly law enforcement functions"). Thus, as alleged, ECPO acted as an officer of the state, and is entitled to Eleventh Amendment immunity.[5]

Plaintiff appears to argue that New Jersey has waived its immunity in federal court as to NJLAD public accommodations claims, which make it unlawful for "any place of public accommodation" to discriminate based on protected statuses, including, *inter alia*, one's race or national origin. N.J. Stat. Ann. § 10:5-12(f); *see also id.* §§ 10:1-2, 10:5-4; *Ptaszynski v. Uwaneme*, 853 A.2d 288, 297 (N.J. App. Div. 2004) (finding state governmental agencies are places of public accommodation)).)[6] A state's consent to be sued in federal court, waiving sovereign immunity, must be "express and unequivocal." *Heine v. Comm'r of Dep't of Cmty. Affairs of New Jersey*, Civ. No. 11-5347, 2014 WL 4199203, at *5 (D.N.J. Aug. 22, 2014). New Jersey, however, "has not waived its sovereign immunity with respect to NJLAD claims," outside of instances in which it is sued in its capacity as an employer. *Id.*; *see also Abulkhair v. Office of Attorney Ethics New Jersey*, Civ. No. 16-3767, 2017 WL 2268322, at *7-8 (D.N.J. May 24, 2017) (further noting that sovereign immunity "applies to state common law causes of action"); *Chavarria v. State of New Jersey*, Civ. No. 18-14971, 2019 WL 3798394, at *3-4 (D.N.J. Aug. 13, 2019) (dismissing claim based on N.J. Stat. Ann. § 10:5-12(f) as barred by sovereign immunity).[7]

### B. "Person" under Section 1983 and NJCRA

To establish a claim under 42 U.S.C. § 1983, a plaintiff "'must demonstrate a violation of a right secured by the Constitution and the laws of the United States,'" and "'that the alleged deprivation was committed by a person acting under color of state law.'" *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)).[8] "[N]either a State nor its officials acting in their official capacities are 'persons' under §

---

[5] Plaintiff's reliance on *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999), is misplaced. (*See* D.E. 120 at 7-9.) *Carter*, which examined whether the Philadelphia District Attorney's Office was entitled to Eleventh Amendment protections, relied on Pennsylvania law when analyzing the *Fitchik* factors, and thus is not applicable to situations involving New Jersey county prosecutor's offices and New Jersey law. *See In re Camden Police Cases*, Civ. No. 10-4757, 2011 WL 3651318, at *7 n. 7 (D.N.J. Aug. 18, 2011) (finding a New Jersey county prosecutor's office protected by Eleventh Amendment immunity, distinguishing *Carter*); *Lepping v. Cty. of Mercer*, Civ. No. 18-2118, 2018 WL 5263281, at *7 (D.N.J. Oct. 23, 2018).

[6] There are two exceptions to a state's immunity under the Eleventh Amendment—first, where Congress has abrogated a state's sovereign immunity, and second, where the state has expressly waived its immunity. *See Scarborough v. Court of Common Pleas of Northampton Cty.*, 794 F. App'x 238, 239 (3d Cir. 2020). The first does not apply and is not at issue here. *See id.* (noting Congress did not abrogate state's immunity "through the enactment of § 1983").

[7] Plaintiff anyway fails to state this claim. Initially, it is unclear what protected statuses, listed under N.J. Stat. Ann. § 10:5-12(f), Plaintiff invokes, but this Court construes them as his race and national origin. (*See* D.E. 91 at 1 (noting Plaintiff is Haitian American).) Plaintiff, however, makes no allegations plausibly showing that ECPO had "discriminatory intent" against him based on these protected statuses, or that its actions had a "disproportionate impact" on these groups. *See Delbridge v. Whitaker*, Civ. No. 09-4227, 2010 WL 1904456, at *6-7 (D.N.J. May 10, 2010) (noting these are elements for an NJLAD discrimination in a public accommodation claim (citing *Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 264-66 (1977))).

[8] Section 1983 states, in relevant part: "Every person who, under color of [law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

4

1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  In turn, "arm[s] of the State," which include New Jersey county prosecutor's offices when they engage in classic law enforcement and investigative functions, are also not "persons" under § 1983.  *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 854-55 (3d Cir. 2014); *see also Estate of Matthew Mckloskey v. Franklin Twp.*, Civ. No. 15-4171, 2016 WL 4680154, at *3 (D.N.J. Sept. 7, 2016) (noting a "county prosecutor's office is not a 'person' capable of being sued under § 1983").

The NJCRA similarly creates a private right of action where a "person acting under color of law" deprives another of "any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of [New Jersey]."  N.J. Stat. Ann. 10:6–2.  The NJCRA has been "repeatedly interpreted . . . analogously to § 1983."  *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011); *Richardson*, 2019 WL 6130870, at *7.

As discussed above, as alleged in the TAC, ECPO engaged in classic law enforcement and investigative functions.  (*See* D.E. 91 ¶¶ 24-32.)  Thus, for the same reasons as above, ECPO is not a "person" for purposes of § 1983 or the NJCRA and may not be sued under either.

## IV. CONCLUSION

For the reasons set forth above, ECPO's Motion to Dismiss is **GRANTED**.  An appropriate Order follows.

/s/ Susan D. Wigenton<br>
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc:   Parties
      Edward S. Kiel, U.S.M.J.

---

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."  42 U.S.C. § 1983.